*537 MEMORANDUM BT THE COURT
The facts are fully set out in the findings and disclose that the plaintiff sold to the Government his entire tract of land and accepted payment therefor. The entire tract so sold to the Government, and paid for by it, included at the time of the sale the two strips of land for the value of which the plaintiff is now bringing this suit. That being so, the plaintiff can not recover.
But even if the Government has not paid for these two strips of land, and if the plaintiff did not sell the said two strips to the Government when he sold the residue of his land, yet he can not'recover. For if he can recover, it must be upon an implied contract. And in order that a promise to pay may be implied, the property must be property to which the Government asserts'no title, and is taken pursuant to an act of Congress, as private property to be applied for public uses. In the case at bar the facts found preclude the implication of a promise to pay,- for the title of the property in question is not and was not conceded to be in the plaintiff. The proclamation of the President by which the property was taken asserts that when it was taken it was the property *538 of the United States, and that the value of it had been paid for by the Government.
“ The law can not imply a promise by the Government to pay for a right over, or interest in, land, which right or interest the Government claimed and claims it possessed before it utilized the same. If the Government’s claim is unfounded, a property right of plaintiff was violated; but the cause of action therefor, if any, is one sounding in tort, and for such, the Tucker Act affords no remedy.” Tempel v. United States, 248, U. S. 121, 130; Klebe v. United States, 263 U. S., 188, affirming 57 C. Cls., 160.